HENRY K. RUTAN v. JOHN H. HINCHMAN AND HENRY HOPPER.

An agreement to sell and exchange a horse and money for money and a piece of land, is within the statute of frauds, and an action for damages for refusal to convey the land cannot be sustained on a verbal agreement.

On *certiorari* to the Common Pleas of Passaic county on appeal.

For the plaintiff in *certiorari*, *S. Tuttle*.

For the defendant in *certiorari*, *J. Hopper*.

The opinion of the court was delivered by

ELMER, J.  The state of demand claims one hundred dollars, in an action of trespass on the case, for that plaintiffs agreed with defendant to sell and exchange with him a horse, of the value of two hundred dollars, for one hundred dollars in cash and a certain lot of land, to be transferred to them, and thereupon delivered to him the horse, and received the one hundred dollars; but the defendant refused, and neglected to convey to plaintiffs the said lot of land.  A judgment having been obtained by the plaintiffs for the hundred dollars, this *certiorari* is now brought to reverse the same.

Rutan v. Hinchman.

Upon the trial, the only evidence of the alleged contract was verbal, it not being pretended that there was any writing. It was therefore objected then, as it is insisted now, that the case comes within that clause of the statute of frauds, which forbids an action being brought upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them, unless such agreement, or some memorandum thereof, shall be in writing, and signed by the party to be charged therewith, &c.

In my opinion this objection is well taken, and the case comes within the decision in *Smith* v. *Smith*, 4 *Dutcher* 208. In that case there was a contract to transfer a tract of land, in consideration of the plaintiffs erectings building on it. The court held that no action could be brought on the contract, because it was not in writing. In that case, however, the action was not for the value of the land, but for the expense of erecting the buildings; and the court held him entitled to recover, upon the principle, that when a party to an agreement, void by the statute of frauds, fails to execute it, the price advanced on the value of the article delivered, in part performance of the contract, may be recovered back.

This principle might, perhaps, have entitled the plaintiffs to have recovered the value of the horse, over and above the one hundred dollars paid for him, had the action been so brought. But waiving the objection, that such an action in a justice's court ought to have been in debt, because the contract implied was a contract for the payment of money only, the promise to pay in land being void, the state of demand claims damages for the refusal to convey the land, and we must infer that the damages actually recovered were the value of the land, and not the value of the horse. I am, therefore, of opinion that the judgment must be reversed.

Judgment reversed.